UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **GARY STEPHEN HUMPHRIES,** § | | |
| **SID # 661080,** § | | |
| § | | |
| **Petitioner** § | | |
| § | | |
| v. § | | Civil Action |
| § | | No. SA-15-CA-146-XR |
| **BEXAR COUNTY SHERIFF** § | | |
| **SUSAN PAMERLEAU,** § | | |
| § | | |
| **Respondent** § | | |

# DISMISSAL ORDER

Before the Court is Petitioner Gary Stephen Humphries' pro se 28 U.S.C. § 2241 Habeas Corpus Petition.

The public record shows Humphries is in the custody of the Bexar County Adult Detention Center charged with assault of a security officer involving bodily injury in Case No. 2014-CR-0277 before the Honorable Jefferson Moore in the Texas 186th Judicial District Court. The record shows a previous trial date was continued because of the appointment of new defense-counsel, and Humphries' case is currently set for trial May 22, 2015. Humphries is currently represented by attorney Kristina Escalona. Humphries' § 2241 Petition complains that he has been in custody for fifteen months without going to trial.

Humphries' § 2241 Petition is premature because the State charge he challenges is still pending, he has not been convicted, and he has not exhausted his State remedies. The federal Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining state criminal proceedings except where expressly authorized by Congress or where necessary in aid of this Court's jurisdiction, and neither of these exceptions apply to the present case. *See Younger v. Harris*, 401 U.S. 37, 41,

53-54, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Habeas corpus relief, whether sought pursuant to 28 U.S.C. § 2254 or § 2241, is not available until the petitioner has exhausted his available State remedies. *Dickerson v. State of Louisiana*, 816 F. 2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987).

To exhaust state remedies in Texas, a petitioner must present his claim to the Texas Court of Criminal Appeals by direct appeal or through a post-conviction writ application. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Humphries' Petition states (*see* Petition at §7) he filed several "appeals" and "grievances" with the Texas 186th District Court, however Humphries does not claim he presented his current claim to the Texas Court of Criminal Appeals. Moreover, the public record available on-line affirmatively shows Humphries has not presented his claim to the Texas Court of Criminal Appeals, and therefore has not exhausted his State remedies. If there is an unreasonable delay in the state proceedings Humphries can raise that issue in the state proceedings *through his counsel* and should exhaust his state remedies through direct appeal or through collateral state proceedings.

Rule 4 Governing Habeas Corpus Proceedings states a habeas corpus petition must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Accordingly, Petitioner Humphries' § 2241 Habeas Corpus Petition is **DISMISSED WITHOUT PREJUDICE.**

All other pending motions are **DENIED** as moot. Humphries failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability, *see Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct.1595, 146 L. Ed. 2d 542 (2000), and

therefore this Court **DENIES** Petitioner a certificate of appealability.  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings.

    It is so ORDERED.

    SIGNED this 17th day of March, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE